IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMMIE DALE SICARD and | § | |
| TIMOTHY EUGENE VAUGHN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. |
| v. | § | |
| | § | 3:09-CV-1714-K |
| CALVIN ANDREW TURNER and | § | |
| CARDMOORE TRUCKING, LP, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Tommie Dale Sicard's Motion for Reconsideration of Plaintiff's Motion for Leave to File Supplemental Designation of Expert Witnesses (Doc. No. 69) and Defendants Calvin Andrew Turner and Cardmoore Trucking, LP's Motion to Strike Dale Funderburk (Doc. No. 72). The Court has considered the motions, responses, reply, and the applicable law. Because Mr. Sicard has demonstrated good cause to modify the deadline to designate experts in this Court's scheduling order, the motion for leave to file is **GRANTED** and the motion to strike is **DENIED**. Mr. Sicard is permitted to supplement his expert witness designations with the experts he produced pursuant to this Court's March 7, 2011 order: Dr. Carl Hansen, Mr. Dan Bagwell, Dr. Alex Willingham, and Dr. Dale Funderburk.

-1-

## I. Background and Legal Standards

This case arises from a traffic incident on Interstate 20 in Mesquite, Texas on September 24, 2007. Mr. Sicard was driving a dump truck and was injured in a collision with Mr. Turner, who was driving a tractor-trailer for Cardmoore. Mr. Turner struck Mr. Sicard from the rear, which led to a collision with Plaintiff Timothy Vaughn, who was operating a street sweeper on the left shoulder of the highway. Mr. Sicard and Mr. Vaughn filed suit against Mr. Turner and Cardmoore on August 7, 2009 for negligence and negligent entrustment in Kaufman County, Texas. The case was removed to this Court on September 15, 2009.

A scheduling order, setting various pretrial deadlines, was issued on November 10, 2009 and made February 1, 2010 the last day for parties with the burden of proof on a claim to designate expert witnesses. On February 3, 2011, Mr. Sicard moved for leave to file supplemental expert witness designations, which this Court denied without prejudice to refile on March 7, 2011. Mr. Sicard was instructed to make all of his proposed expert witnesses available to be deposed by Defendants within thirty days. Mr. Sicard states he has complied with the order to make his expert witnesses available and now moves for leave to file supplemental expert designations a second time.

Once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." *Marathon Fin. Ins., Inc. RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting FED. R. CIV. P. 16(b)). A district court's decision to modify a scheduling order is reviewed for an abuse of discretion. *Id*.

## II. Analysis

Mr. Sicard requests permission to designate Dr. Hansen, Mr. Bagwell, Dr. Willingham, and Dr. Funderburk as expert witnesses in his case. In his third supplemental expert designation, Mr. Sicard provides the following information about each witness: (1) Dr. Hansen would testify to Mr. Sicard's lost earnings and lost earning capacity; (2) both Mr. Bagwell and Dr. Willingham would testify to Mr. Sicard's past and future medical expenses; and (3) Dr. Funderburk would testify to the present value of any future damages and their tax consequences.

As it relates to modifying a scheduling order to permit expert witness testimony, the following four factors should be considered: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Geiserman v. MacDonald*, 893 F.2d 787, 791–92 (5th Cir. 1990). First, Mr. Sicard argues he did not designate these expert witnesses by the February 1, 2010 deadline because he was not aware they would be necessary. Mr. Sicard underwent multiple procedures on his back and spine after the deadline to designate experts had passed, including ones in June, October, and November 2010. Mr. Sicard also states he was laid off from his job as a commercial truck driver in May 2010 and has been unable to find other employment because of the pain medications he is taking. He is seeking to designate experts who will provide evidence of past and future special damages, related to the loss of his job and his future employment prospects. Defendants assert Mr. Sicard was aware

of possible problems with his back as early as 2007 and there is no adequate explanation for why Mr. Sicard waited until the end of 2010 to consult an expert on the impact of his injuries on his future job opportunities. The Court accepts Mr. Sicard's explanations for his untimely designations; the full extent and impact of Mr. Sicard's injuries were not clear until he had finished receiving medical treatment.

Second, Mr. Sicard argues that the evidence these expert witnesses would provide constitute approximately 80% of the total amount of damages he is seeking. He asserts these experts are vital to his case. Defendant cites this Court to *Wright v. Blythe-Nelson*, No. 3:99-CV-2522-D, 2001 WL 804529, *4 (N.D. Tex. July 10, 2001) (Fitzwater, J.), which denied a motion for leave to designate an expert witness. In *Wright*, the district court noted that the experts would provide testimony regarding emotional distress and attorney's fees. *Id*. Here, as opposed to the situation in *Wright*, the need for evidence regarding Mr. Sicard's lost earnings and lost earning capacity were not readily apparent before the deadline for designating experts had passed. In addition, though the exclusion of these experts would not completely bar Mr. Sicard's claims, it would effectively do so by eliminating a substantial majority of Mr. Sicard's alleged damages. This Court finds the expert witnesses Mr. Sicard seeks to designate are important to his claims.

Third, Mr. Sicard has produced the expert witnesses he seeks to designate for deposition, as required by this Court's order of March 7, 2011. Defendants were provided with the experts' reports, and were given the opportunity to depose each potential witness. Defendants will not be surprised by the expert witnesses' testimony

at trial.

Finally, a continuance will not be needed to cure any prejudice by allowing Mr. Sicard to designate additional expert witnesses, and therefore will not disturb the trial setting. *See Geiserman*, 893 F.2d at 792 (requested continuance of trial to allow for more discovery weighed against permitting an out-of-time expert witness designation). As mentioned above, Defendants have been given the opportunity to depose each additional expert witness and were provided with each witnesses' expert report at least three months before trial.

### III. Conclusion

Because Mr. Sicard has demonstrated good cause to modify this Court's scheduling order to allow the designation of additional expert witnesses, the motion for leave to file supplemental designation of expert witnesses is **GRANTED** and Defendants' motion to strike Dale Funderburk is **DENIED**. Mr. Sicard is permitted to designate Dr. Hansen, Mr. Bagwell, Dr. Willigham, and Dr. Funderburk as expert witnesses in this case.

**SO ORDERED.**

Signed June 28th, 2011.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE